ATTACHMENT A

KING COUNTY SUPERIOR COURT FOR THE
STATE OF WASHINGTON

| | |
|---|---|
| CAROLINE LI, an individual,<br><br>                Plaintiff,<br>  v.<br><br>NORTHEASTERN UNIVERSITY,<br><br>                Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW Plaintiff, Caroline Li, by and through her undersigned attorney, and alleges as follows:

## I.   INTRODUCTION

1.1 Plaintiff Caroline Li ("Plaintiff"), brings this action for damages and attorneys fees against her former employer Northeastern University ("Defendant"), as described below in violation of RCW 49.60, and the United States Constitution.

## II.   PARTIES

COMPLAINT FOR DAMAGES – Page 1

2.1 Plaintiff Caroline Li is an individual residing in King County, Washington.

2.2 Defendant Northeastern University is a foreign nonprofit corporation registered to do business in the State of Washington. Northeastern University conducts substantial business and employs eight or more persons while availing itself of the benefits and protections of the laws of the State of Washington. At all relevant times set forth in this Complaint, Northeastern University was conducting business in King County, State of Washington, and was an "employer" within the meaning of the WLAD.

2.3 Plaintiff was employed full time by Defendant, working in King County, prior to being placed on short term disability in December 2019. At all times relevant to this Complaint, Plaintiff was an "employee" within the meaning of the Washington Law Against Discrimination ("WLAD").

### III.     JURISDICTION AND VENUE

3.1 At all relevant times set forth in this Complaint, jurisdiction and venue are proper as all alleged acts took place in King County, State of Washington. Defendant has submitted to the jurisdiction of this Court by transacting business in Washington state, committing a tortious act within Washington state, and owning, using, or possessing property situated in Washington state.

3.2 Washington State Courts have jurisdiction over claims brought under the Revised Codes of Washington.

### IV.     FACTS

COMPLAINT FOR DAMAGES – Page 2

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874
FAX: 206-430-6222

4.1 In September 2016, Plaintiff Caroline Li, was hired by the Defendant as Marketing Manager of the Defendant's Seattle campus.

4.2 In her position as Marketing Manager, Plaintiff was the only employee in charge of managing all of the Defendant's Seattle campus marketing efforts.

4.3 At all relevant times, the deans, associate deans, supervisors, and managers described in Plaintiff's complaint acted as agents of Defendant.

4.4 In 2017, Defendant's business was growing which prompted a need to expand its campus. As a result, Defendant relocated the working space for its administrative staff—including Plaintiff—from the first floor to the fourth floor.

4.5 Defendant told Plaintiff and other administrative staff members that this working space would only be temporary. Defendant did not provide a timeline of when the administrative staff would be relocated to a permanent working space.

4.6 The temporary working space on the fourth floor was pre-furnished with low quality and uncomfortable tables, desks, and chairs. Desks could not be adjusted to fit the height of the employees. Chairs were old, offered no ergonomic support, and broke frequently.

4.7 All of the desks were so tall that Plaintiff's feet could not touch the floor when she sat at them, but none of the desks were tall enough for Plaintiff to use as a standing desk. All of the office chairs had tall armrests that prevented employees from being able to sit close enough to type on their computers in a comfortable position.

4.8 Because of the fourth floor office furniture, many administrative staff employees experienced detrimental changes to their physical health including joint pressure, back and neck pain, shoulder pain, and carpel tunnel syndrome.

COMPLAINT FOR DAMAGES – Page 3

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874
FAX: 206-430-6222

4.9 Because of the office furniture, Plaintiff began experiencing back pain and neck pain.

4.10 At various times, administrative staff employees made complaints and raised concerns to Operations Manager Anna Maria Jacobson about the office furniture. Upon information and belief, most of these complaints and concerns were ignored.

4.11 In 2017, Plaintiff verbally requested a standing desk from Ms. Jacobson. Ms. Jacobson replied that she "knew" that Northeastern University would not pay for a new desk for Plaintiff.

4.12 In September 2017, Associate Dean Paula Boyum observed Plaintiff stretching with her arms over her head and exhibiting significant pain. Plaintiff described her pain to Ms. Boyum and requested a standing desk to help alleviate her pain.

4.13 Ms. Boyum emailed Operations Manager Jacobson and asked her to provide a standing desk for Plaintiff. Four months later, Operations Manager Jacobson verbally told Plaintiff that she would not provide her with a standing desk unless she provided a doctor's note requesting one.

4.14 On January 19, 2018, Plaintiff's doctor provided a note which Plaintiff gave to Ms. Jacobson. Two months later—six months after her initial request—Defendant provided Plaintiff with a standing desk.

4.15 While waiting for the standing desk to arrive, Plaintiff began to lose feeling in her fingers and experienced a burning sensation in her hands. In March 2018, she was diagnosed with carpel tunnel syndrome by her medical care provider.

4.16 For the next year, Plaintiff's symptoms worsened. In the mornings she experienced neck stiffness that prevented her from moving her neck or turning her head without severe pain.

COMPLAINT FOR DAMAGES – Page 4

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874
FAX: 206-430-6222

4.17 In June 2019, Plaintiff's medical provider recommended that she apply for intermittent leave one day per week through FMLA in order to ease Plaintiff's symptoms and pain. Plaintiff was approved to take intermittent FMLA leave one day per week.

4.18 On August 19, 2019, Plaintiff's medical provider diagnosed her with osteo-arthritis in her jaw. Plaintiff began physical therapy to lessen her pain and symptoms.

4.19 In August 2019, Plaintiff informed Gwen Brady, Defendant's Director of Regional Marketing, that her health was deteriorating because her workload was too extreme and she did not have enough time off to physically recover. Plaintiff requested that Gwen Brady hire another employee to assist Plaintiff with the Seattle campus's marketing. Plaintiff requested an Assistant Marketing position to manage the demands of the job because she had knowledge that similarly situated non-disabled employees who performed the same job functions as her, were allowed to work with the help of a Marketing Assistant.

4.20 Alternatively, Plaintiff requested that Gwen Brady hire a new marketing manager to replace Plaintiff so that she could be reclassified as a contract employee and work on a part-time basis in order to improve her health.

4.21 In August 2019, Gwen Brady told Plaintiff that the decision had been made not to hire another marketing employee for budgetary reasons. On information and belief, all other regional campuses operated by Defendant at this time had more than one employee in their marketing departments.

4.22 In December 2019, Plaintiff took a work trip to attend a conference in San Francisco. While on this trip, her pain and symptoms worsened significantly to the point where she was unable to get out of bed in the morning to attend part of the conference.

COMPLAINT FOR DAMAGES – Page 5

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874
FAX: 206-430-6222

4.23 Plaintiff informed Defendant's Human Resources department in writing that she could not physically return to work at that time because of her medical condition. Defendant approved her for short term disability in December 2019.

4.24 Plaintiff applied for long term disability which Defendant denied on July 16, 2020. Upon this denial, Defendant's Senior Benefits Specialist, Mel Shea, and Defendant's Associate Vice President, Mallik Sundharam, informed Plaintiff that she would be terminated if she did not return to work.

4.25 Plaintiff's medical condition prevented her from returning to her position with Defendant without an accommodation. Plaintiff requested an accommodation under the Americans with Disabilities Act in August 2020. As an accommodation, Plaintiff requested "speech to text technology for typing and emailing needs." With this accommodation, Plaintiff was capable of performing the essential functions of the job.

4.26 Plaintiff provided the required medical documentation filled out by her medical provider. Plaintiff's medical documentation listed the following restrictions: no more than 30 minutes of typing per day, no more than 60 minutes of sitting per day, no more than 30 minutes of eating at one time, and no more than 60 minutes of talking at one time. Plaintiff's medical documentation also requested that Plaintiff be given the "ability to break up tasks to accommodate [these] restrictions."

4.27 On August 27, 2020, Defendant issued a letter denying Plaintiff's accommodation request and terminating her effective immediately. Defendant's denial letter stated that Plaintiff was "unable to perform the essential functions of [her] position even with accommodation."

COMPLAINT FOR DAMAGES – Page 6

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874
FAX: 206-430-6222

4.28 In reaching this decision, Defendant at no point consulted or communicated with Plaintiff or Plaintiff's medical provider regarding her medical restrictions or her requested accommodation.

## V.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### (Retaliation for Engaging in a Protected Activity under RCW 49.60)

5.1 Plaintiff incorporates and alleges paragraphs 1.1 through 4.27 as if fully set forth herein.

5.2 Plaintiff made multiple reasonable accommodation requests for her disability, and Plaintiff was terminated as a result.

5.3 Plaintiff engaged in a protected activity under RCW 49.60 when she requested accommodations from the Defendant for her disability.

5.4 As a result of the Defendant's retaliatory conduct, Plaintiff suffered a loss of pay, extreme humiliation, extreme mental and emotional distress.

### SECOND CAUSE OF ACTION

### (Disparate Treatment Based on Disability under RCW 49.60)

5.5 Plaintiff incorporates and alleges paragraphs 1.1 through 4.27 as if fully set forth herein.

5.6 Defendant made comments evidencing a hostility toward providing accommodations because of costs.

5.7 Plaintiff had a disability, and Defendant knew about her disability. Plaintiff made multiple accommodation requests, including requesting an additional employee in her department and speech to text technology.

5.8 Rather than providing Plaintiff's requested accommodations, Defendant terminated her.

COMPLAINT FOR DAMAGES – Page 7

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874
FAX: 206-430-6222

5.9 Defendant subjected Plaintiff to Disparate Treatment based on Disability when Defendant denied her accommodation requests and ultimately terminated her.

### THIRD CAUSE OF ACTION

### (Failure to Accommodate under RCW 49.60)

5.10   Plaintiff incorporates and alleges paragraphs 1.1 through 4.27 as if fully set forth herein.

5.11   Plaintiff had a disability that substantially limited her ability to perform her job duties without a reasonable accommodation. Plaintiff's request for speech to text technology was reasonable and would not have created an undue hardship for the Defendant.

5.12   In reaching its decision to deny Plaintiff's accommodation, Defendant did not initiate an interactive process with Plaintiff. Defendant did not consult with or communicate with Plaintiff or Plaintiff's medical provider.

5.13   Defendant failed to accommodate Plaintiff's disability when Defendant denied her request and elected to terminate Plaintiff instead.

### VI.   DAMAGES

6.1 Defendant's violations of the law, described above and incorporated, proximately caused Plaintiff's damages, including but not limited to lost wages and benefits, and other economic losses, and emotional harm, including but not limited to the natural human emotions of distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and anguish, experienced and with reasonable probability of experience in the future, and other general damages.

### VII.   REQUEST FOR A JURY TRIAL

COMPLAINT FOR DAMAGES – Page 8

NOLAN LIM LAW FIRM, PS
1111 3RD AVE, SUITE 1850
SEATTLE, WA 98101
OFFICE: (206) 774-8874
FAX: 206-430-6222

**7.1** Plaintiff requests this matter be adjudicated through a jury trial of six jurors.

### VIII.   PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief as follows:

8.1 Damages for lost wages, back pay, front pay, lost benefits, medical expenses, and all other economic losses proximately caused by Defendant.

8.2 Damages for loss of enjoyment of life, pain and suffering, mental anguish, emotional distress, and humiliation.

8.3 Pre-judgment and post-judgment interest.

8.4 Compensation for any tax penalty associated with recovery.

8.5 Reasonable attorney's fees and costs as authorized by the WLAD.

8.6  Whatever further and additional relief, the court shall deem just and equitable.

Dated this February 28, 2022.

NOLAN LIM LAW FIRM, PS

*s/NOLAN LIM*

_____
Nolan Lim, WSBA #36830
1111 3RD Ave, Suite 1850
Seattle, WA 98101
Office: (206) 774.8874
Fax:    (206) 430.6222
NOLAN@NOLANLIMLAW.COM
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES – Page 9